Dana CROMARTIE, Appellant

v.

SEARS ROEBUCK AND COMPANY.

No. 07–3184.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 1, 2008.

Filed: April 8, 2008.

Dana Cromartie, Philadelphia, PA, pro se.

Sidney R. Steinberg, Philadelphia, PA, for Sears Roebuck and Company.

Before SLOVITER, BARRY and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Dana Cromartie seeks review of the Magistrate Judge's order confirming the settlement of her employment discrimination claim against Appellee Sears Roebuck. For the reasons that follow, we will affirm.

I.

In July 2005, Cromartie filed a pro se employment discrimination suit against Sears Roebuck. The court appointed counsel and the parties consented to proceed before a Magistrate Judge. *See* 28 U.S.C. § 636(c). During a phone conversation on March 22, 2007, Cromartie and Ronald V. Cole, Cromartie's attorney in the matter, discussed settling the case. Appellant expressed that she wanted to settle the case for approximately $60,000, or twice the amount of her annual salary. Cole testified that after he provided Cromartie with a legal assessment of the strengths and weaknesses of her case, she agreed to settle the case for any amount in exchange for Cole waiving a certain amount of his legal fees. Cromartie, however, maintains that she did not want to settle the case for less than a sum amounting to twice her annual salary.

Cole and Sears agreed to settle the case for $7,500. On April 12, 2007, Cole sent Cromartie a letter informing her that the matter was settled for $7,500. Cromartie testified that she sent a letter in response objecting to the amount of the settlement. Cole testified that he never received her letter and did not receive any communications from Cromartie until May 25, when she sent an e-mail informing him that she refused to sign the settlement release because the amount was not what she agreed to during the April 12 phone call. The Magistrate Judge held an evidentiary hearing on the issue of whether Cole had express authority from Cromartie to settle the case. Cromartie was unrepresented by counsel during the hearing. On June 15, 2007, the Court entered an order confirming the settlement agreement between the parties.

## II.

A district court's approval of a settlement agreement is a final order over which we have appellate jurisdiction. *See Binker v. Pennsylvania,* 977 F.2d 738, 744 (3d Cir.1992). We review the Magistrate Judge's findings of fact for clear error, and we exercise plenary review over his conclusions of law. *See Brisbin v. Superior Valve Co.,* 398 F.3d 279, 285 (3d Cir.2005). "A factual finding is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citations omitted).

In the instant case, the Magistrate Judge applied the proper legal standard in determining that Cromartie expressly authorized her attorney to enter into a settlement agreement for whatever amount he could negotiate. *See Covington v. Continental General Tire, Inc.,* 381 F.3d 216, 220–21 (3d Cir.2004). The Court also did not commit error by crediting Cole's testimony over Cromartie's. *See United States v. Igbonwa,* 120 F.3d 437, 441 (3d Cir.1997) (appellate review is most deferential with respect to determinations of witness credibility). Cole's testimony was backed by documentary evidence and the testimony of other witnesses involved in the case, while Cromartie's testimony was unsupported by evidence or other witnesses.[1] Further, the Court found that Cromartie abandoned the litigation by failing to communicate with her attorney and failing to attend depositions. The Court also found persuasive that Cole agreed to waive his fees in exchange for settling the case for the highest amount he could negotiate.

Finally, Cromartie's complaint that she was unprepared for the evidentiary hearing because she did not have adequate representation is meritless. The transcript reveals that the Magistrate Judge carefully explained the nature of the hearing and stated that he would gladly defer the proceedings if Cromartie wished to retain her own counsel.

Accordingly, we will affirm the judgment of the district court.

---

1. Specifically, the Court disbelieved that Cromartie sent a letter in response to Cole's April 12 letter objecting to the terms of the settlement. Cromartie stated that she typed the letter, then rewrote it by hand and that she had a copy of the handwritten letter and the letter on her computer. However, despite bringing other documents to the evidentiary hearing, she failed to present a copy of the letter to the court.